IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMERICAN ATELIER, INC.,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | No. 13-7138 |
| v. | : | |
| | : | |
| **MATERIALS, INC.,** | : | |
| Defendant. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                    **AUGUST 22, 2014**

This is an action for breach of contract and breach of warranty arising out of the sale of wood veneer for use in the manufacture of hotel furniture. The defendant supplier, Materials, Inc., has moved to dismiss the complaint. Materials' motion will be granted in part as follows.

**Sufficiency of Plaintiff's Pleading as to Breach of Contract**

To establish a breach of contract claim, the plaintiff must allege, "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003); *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) (relating to breach of a mortgage contract). There is no requirement that the contract document itself form part of the complaint. *Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, 2009 U.S.Dist. LEXIS 32424 at *8 (E.D. Pa. 2009) (relating to leases for trailers).

Although it is not a model of clarity or completeness, the complaint pleads an agreement in August 2012 between the parties for plaintiff to purchase a quantity of wood veneer. It further alleges, "AAI in August 2012 specified in a Purchase Order the type and quantity of veneer it desired to purchase from Materials," Complaint at ¶ 9, and that "Materials agreed to supply AAI with veneer free from defect and suitable for use in the manufacture of hotel furniture." Complaint at ¶ 16.

While the parties focus on the pleading requirements for contracts generally, the claims at issue are actually governed by Pennsylvania's version of the Uniform Commercial Code, 13 Pa. Cons. Stat. Ann. § 1101 *et seq.*, and Division 2 in particular, which relates to sales of goods, 13 Pa. Cons. Stat. Ann. § 2101 *et seq.*

Though not citing to the Code, defendant Materials appears to argue that having accepted the goods, plaintiff cannot later sue for breach of contract: "No breach of contract exists when Plaintiff admittedly (1) received and accepted the product." Motion to Dismiss at 7. *See* 13 Pa. Cons. Stat. Ann. § 2606 ("What constitutes acceptance of goods"). Assuming for purposes of discussion that defendant is advancing such an argument, the Code is also clear that acceptance does not preclude all remedies. As set forth in 13 Pa. Cons. Stat. Ann. § 2714(a), "Where the buyer has accepted good and given notification (section 2607(c)) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the breach of the seller as determined in any manner which is reasonable."[1]

The purchase order entitled "Terms of Sale" provides the core for defendant's motion. Although it might provide Materials with a strong factual defense, I cannot conclude on the basis of that document alone that the complaint fails to meet the plausibility standard for pleading

---

[1] I do not construe defendant's motion as asserting a lack of notice and opportunity to cure under the Code, and Atelier elsewhere pleaded that Materials was unresponsive to complaints about damaged goods at the time of delivery. Complaint at ¶ 15.

2

established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("Asking for plausible grounds …. simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [of the plaintiff's claims]."). In reaching this result, I note that the defense assumes that the purchase order constitutes the entire agreement between the parties, while plaintiff asserts a broader scope of understanding based on the products specified. I also note that there are potential ambiguities within the document itself, notably the reference that "We stand behind" AWI Architectural Woodwork Quality Standards "for all wood product, " and a recommendation in the same paragraph that customers treat wood surfaces with "non-yellowing finishes that contain UV inhibitors." These statements are arguably inconsistent with Materials' position that the defect alleged is an inherent risk of building with veneers and beyond its control as a supplier.

      Accordingly, the Motion to Dismiss as to Count I will be denied.

**Disclaimer of the Warranty of Merchantability**

      Materials  argues that it disclaimed all warranties, including the warranty of merchantability. The Purchase Order contained the following disclaimer language.

> All products distributed by Materials Inc. are manufactured to meet the standard industry specifications of our suppliers. Since MI has no control over end products fabricated with the materials sold, no warranty is expressed or implied. All products must be inspected upon purchase. MI makes every effort to check and match product specifications, colors, species, dimensions, etc. of the merchandise ordered. However we cannot guarantee an accurate match. Please check merchandise before installation. MI's responsibility shall be limited to the replacement of the materials proven to be defective in material and/or workmanship, or incorrectly shipped, if claimed within 10 days of delivery**.** MI makes no warranty based on any usage of trade or fitness for any particular use. Buyer assumes all risks resulting from the use with other substances or in any process.

Plaintiff is correct that such language does not suffice to meet the particularized requirements for waiving the warranty of merchantability under the Uniform Commercial Code. Section 2316(b) provides:

> Subject to subsection (c), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

13 Pa. Cons. Stat. Ann. § 2316.

The term "merchantability" does not appear in the disclaimer. For such a waiver to have legal effect, the language of the contract must be explicit. *Compare* 13 Pa. Const. Stat. Ann. § 2316, UCC Comment 3 ("Disclaimer of the implied warranty of merchantability is permitted under subsection (2), but with the safeguard that such disclaimers must mention merchantability and in case of a writing must be conspicuous.") *with* Comment 4 ("Unlike the implied warranty of merchantability, implied warranties for a particular purpose may be excluded by general language, but only if it is in writing and conspicuous."). The Superior Court has specifically held that "to exclude the implied warranty of merchantability, the exclusionary language must mention the term 'merchantability' and be conspicuous." *Moscatiello v. Pittsburgh Contractors Equip. Co.*, 595 A.2d 1190, 1193 (Pa. Super. Ct. 1991).

The reason that the warranty of merchantability must be clearly and explicitly disclaimed, and is treated differently than the implied warranty of fitness for a particular purpose, is that it provides a basic assurance that the goods to be purchased are at least capable of being used according to the normal ways that such goods are designed to be used.

> The concept of 'merchantability' does not require that the goods be the best quality, or the best obtainable, but it does require that they have an inherent soundness which makes them suitable for the purpose for which they are designed, that they be free of significant defects, that they perform in the way that goods of that kind should perform, and that they be of reasonable quality within expected variations and for the ordinary purpose for which they are used.

*Gall by Gall v. Allegheny County Health Dept.*, 521 Pa. 68, 75, 555 A.2d 786, 789 (1989) (citations omitted); *see Borden, Inc. v Advent Ink Co.*, 701 A.2d 255, 261 (Pa. Super. Ct. 1997) (finding even an explicit disclaimer of the warranty of merchantability to be unenforceable because it was not conspicuous).

4

Accordingly, defendant's Motion to Dismiss as to Count II is denied.

**Disclaimer of the Warranty of Fitness for a Particular Purpose**

Defendant argues that its Terms of Sale document properly disclaimed the implied warranty of fitness for a particular purpose. The Terms of Sale provides, in part,

> All products distributed by Materials Inc. are manufactured to meet the standard industry specifications of our suppliers. Since MI has no control over end products fabricated with the materials sold, no warranty is expressed or implied. All products must be inspected upon purchase. MI makes every effort to check and match product specifications, colors, species, dimensions, etc. of the merchandise ordered. However we cannot guarantee an accurate match. Please check merchandise before installation. MI's responsibility shall be limited to the replacement of the materials proven to be defective in material and/or workmanship, or incorrectly shipped, if claimed within 10 days of delivery**.** MI makes no warranty based on any usage of trade or fitness for any particular use**.** Buyer assumes all risks resulting from the use with other substances or in any process.

This disclaimer is enforceable. *See* 13 Pa. Cons. Stat. Ann. § 2316. The language is explicit and reasonably conspicuous.

> When assessing the reasonableness of a disclaimer, the court may consider the disclaimer's placement within the warranty document, the size of the typeface in which the disclaimer appears, and the use of typographic styles, colors, and highlighting to call attention to the disclaimer.

*Woolums v. Nat'l RV*, 530 F. Supp. 2d 691, 702 (M.D. Pa. 2008). Here, the purchase order was not a long or complicated document, and while the language directly relating to the warranty of fitness for a particular purpose is small and not highlighted, the heading "Disclaimer of Warranty" features prominently.

Therefore, defendant's Motion to Dismiss as to Count III is granted.

**Conclusion**

I am aware that there is some conceptual tension in my enforcing the disclaimer of the warranty of fitness for a particular purpose, while simultaneously permitting the breach of contract claim to proceed. To some degree, plaintiff's contractual claim would seem to depend

5

upon Materials' understanding of the use to which the veneer would be put. It might well be that this disclaimer language has evidentiary significance in defining the scope of the agreement between the parties. Procedurally, however, the matter is before me on a motion to dismiss, and the facts must be viewed in the light most favorable to the plaintiff.

  An appropriate order follows.

                   /s/ Gerald Austin McHugh
                United States District Court Judge